IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------x
                                          :
ALI SHAKIR                                :     3:09 MC 40 (JGM)
                                          :
v.                                        :
                                          :
SOCIAL SECURITY                           :     DATE: FEBRUARY 24, 2009
-----------------------------------------------------------x
```

ORDER ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND
RECOMMENDED RULING OF DISMISSAL

On February 9, 2009, plaintiff Ali Shakir filed his motion for leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. Based upon the financial information submitted by plaintiff, his motion is granted.

The same statute that authorizes the Court to grant in forma pauperis status to plaintiff also contains a provision that protects against the abuse of this privilege. Subsection (e) provides that the Court "shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2)(B). While plaintiff has not brought lawsuits in the past, on the day that he filed this motion and complaint, he filed two other lawsuits, Shakir v. State of Conn., 3:09 MC 39(JGM) and Shakir v. Dept. of Social Servs. et al., 3:09 MC 41(JGM). While this successive filing does not in and of itself establish an abuse of the privilege of in forma pauperis status, it does raise concerns warranting the Court's closer examination of plaintiff's filings.

In the present suit, plaintiff is appealing the amount of Supplemental Security Income ["SSI"] benefits that he was granted on August 1, 2001. "A federal court has subject matter

jurisdiction over a cause of action only when it 'has authority to adjudicate the cause' pressed in the complaint." Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008), quoting Sinochem Int'l Co. v. Malay. Int'l Shipping Corp., 549 U.S. 422 (2007).  It is well settled that the burden of proving subject matter jurisdiction rests with the party asserting it, Arar, 532 F.3d at 168 (citations omitted); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)(citation omitted); R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979)(citations omitted), and while "the district court may examine evidence outside of the pleadings to make this determination," a showing of jurisdiction is not made by drawing from favorable inferences, as "jurisdiction must be shown affirmatively . . . [by] the party asserting it." Arar, 532 F.3d at 168 (citations & internal quotations omitted).

Under the Social Security Act, a federal court has jurisdiction over a Social Security appeal after the Commissioner renders a final decision.  42 U.S.C. 405(g).[1]  Further, as articulated by Congress, such final decision occurs after a claimant is a party to his or her hearing, and no findings of fact or decision by the Commissioner shall be reviewed except for as provided in the Act.  42 U.S.C. § 405(h).  While Congress does not define the term "final decision," "its meaning is left to the [Commissioner] to flesh out by regulation," and the Commissioner has specified such requirements for administrative exhaustion. Weinberger v. Salfi, 422 U.S. 749, 766 (1975)(footnote omitted); see 42 U.S.C. § 405(a)("The Commissioner of Social Security shall have full power and authority to make rules and regulations and to establish procedures, . . . which are necessary or appropriate

---

[1] 42 U.S.C. 405(g) reads, in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

to carry out such provisions . . . ."). The principal of exhaustion is an important one, as exhaustion

> is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

Weinberger, 422 U.S. 765 (citation omitted).

The Commissioner, in the Social Security Regulations, has articulated a four-step process by which a claimant must exhaust certain administrative remedies before proceeding to court. First, a claimant files an application for benefits and receives an initial determination. 20 C.F.R. § 404.902. If a claimant is "dissatisfied with the initial determination," he may request reconsideration, 20 C.F.R. § 404.907, and if he is still dissatisfied with the reconsidered decision, he may request a hearing before an ALJ. 20 C.F.R. § 404.929. The claimant may seek review of an unfavorable decision by an ALJ by requesting that the Appeals Council review the ALJ's decision. 20 C.F.R. § 404.967. The subsequent decision by the Appeals Council is the final decision of the Commissioner; thus, a claimant may then seek judicial review by filing an action in a federal district court within sixty days after receiving notice of the Appeals Council's action. 20 C.F.R. § 404.981.

In the pending action, plaintiff filed this complaint apparently without exhausting his administrative remedies, thus depriving this Court of subject matter jurisdiction over his claims. Accordingly, the undersigned recommends that the District Judge to whom this case is assigned summarily dismiss this action in its entirety under 28 U.S.C. § 1915(e)(2)(B) as plaintiff fails to state a claim upon which relief may be granted.

See 28 U.S.C. § 636(b)(**written objections to ruling must be filed within ten days after service of same**); FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for

United States Magistrate Judges, United States District Court for the District of Connecticut;

Small v. Sec'y, H & HS, 892 F.2d 15, 16 (2d Cir. 1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit.**).

Dated at New Haven, this 24th day of February, 2009.

/s/ Joan G. Margolis, USMJ\_
Joan Glazer Margolis
United States Magistrate Judge