UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALI SHAKIR : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO: |
| v. : | 09-cv-0315 (JCH) |
| : | |
| COMMISSIONER OF SOCIAL SECURITY : | |
|     Defendant. : | MARCH 12, 2009 |

**RULING RE: RECOMMENDED RULING**

**I.     INTRODUCTION**

On February 9, 2009, plaintiff, Ali Shakir, initiated the present lawsuit against the Commissioner of the Social Security Administration (the "Commissioner") pro se and in forma pauperis. Because Shakir proceeds in forma pauperis, the court conducts an initial screening of his Complaint to ensure that the case advances only if it meets certain requirements. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) ("The court shall dismiss [a] case at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief").

United States Magistrate Judge Joan G. Margolis conducted the requisite review, and on February 24, 2009, issued a Recommended Ruling (Doc. No. 2) recommending that this case be dismissed under Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. On March 10, 2009, Shakir filed an opposition to the Recommended Ruling. He did not address any of Judge Margolis's recommendations, but rather requested a "jury trial proceeding against the State of Connecticut . . . ." Opposition to Recommended Ruling (Doc. No. 7) at 1.

-1-

For the reasons that follow, the court affirms, adopts, and ratifies the Recommended Ruling, and dismisses this case.

## II.     STANDARD OF REVIEW

Shakir has met the requirements of 28 U.S.C. § 1915(a) and has been granted leave to proceed in forma pauperis in this action.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915 (e)(2)(B)(ii); Cruz v. Gomez, 202 F.3d 593, 596 (2d Cir. 2000) (under the Prison Litigation Reform Act, "dismissal for failure to state a claim is mandatory").

In reviewing the complaint, the court "accept[s] as true all factual allegations in the complaint" and draws inferences from these allegations in the light most favorable to the plaintiff.  Cruz, 202 F.3d at 596 (citing King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999)).  Dismissal of the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), is only appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 597.  In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim," the court should permit a pro se plaintiff who is proceeding in forma pauperis to file an amended complaint that states a claim upon which relief may be granted.  Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999).

**III.    DISCUSSION**

Shakir has filed a Social Security Appeal Complaint, alleging that he is entitled to receive disability income benefits and/or supplemental security income benefits because of "[a] broken arm, [a] broken leg, paralyzation due to suicide attempt stemming from imprisonment and prison guard abuse."  Complaint (Doc. No. 4) at 2.

Under the Social Security Act, a federal court has jurisdiction over a Social Security appeal after the Commissioner renders a final decision.  See 42 U.S.C. § 405(g).  The Commissioner, in the Social Security Regulations, has articulated a four-step process by which a claimant must exhaust certain administrative remedies before proceeding to court.  A claimant must 1) apply for benefits and receive an initial determination; 2) if dissatisfied with the initial determination, request reconsideration; 3) if dissatisfied with the reconsidered decision, request a hearing before an Administrative Law Judge ("ALJ"); and 4) if dissatisfied with the ALJ's decision, seek review by the Appeals Council.  The decision of the Appeals Council is the final decision of the Commissioner, and thus, if a claimant is dissatisfied with the decision of the Appeals Council, he may then seek judicial review by filing an action in federal district court. See 20 C.F.R. §§ 404.902, 907, 929, 967, 981.

In the present case, Shakir does not claim – nor is there any basis for the court to find – that he has exhausted his administrative remedies.  As a result, this court does not have jurisdiction over Shakir's social security appeal.  Accordingly, Shakir's Complaint fails to state a claim upon which relief may be granted, and the case must be dismissed.

### IV.     CONCLUSION

For the foregoing reasons, the Recommended Ruling (Doc. No. 2) is **AFFIRMED**, **ADOPTED**, and **RATIFIED**, and the case is dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Clerk is directed to close the case.

If the plaintiff believes this court has jurisdiction to hear this suit, he may file, within 21 days, a motion to reopen together with a proposed amended complaint.  Such amended complaint must, however, articulate a basis for the court to find that the plaintiff has exhausted his administrative remedies, as discussed herein.  The Clerk is directed to mail a copy of this Ruling to the plaintiff.

**SO ORDERED**.

Dated at Bridgeport, Connecticut, this 12th day of March, 2009.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge